UNITED STATES BANKRUPTCY COURT
EASISTANT DISTRICT OF WISCONSIN

___

In re

RICHARD W. VANDYNHOVEN,

Debtor.

Case No. 10-28421

Chapter 7

___

THE BANK OF KAUKAUNA,

Plaintiff,

v.

RICHARD W. VANDYNHOVEN,

Defendant.

Adversary No. 10-2474

___

MEMORANDUM DECISION ON MOTIONS FOR SUMMARY JUDGMENT

___

The plaintiff, The Bank of Kaukauna, brought this adversary proceeding objecting to the dischargeability of certain obligations incurred by the debtor, Richard VanDynHoven. After the defendant filed an answer, the parties filed cross-motions for summary judgment. Although the plaintiff alleged in its complaint that the debtor's obligations were nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(B), the parties subsequently agreed the adversary proceeding would instead be decided under 11 U.S.C. §§ 523(a)(14) and (a)(14A). They also agreed that the pertinent facts are not in dispute and that the Court should decide the matter on summary judgment based on stipulated facts and briefs.

This Court has jurisdiction under 28 U.S.C. § 1334 and this is a core proceeding under 28 U.S.C. § 157(b)(2)(I). This decision constitutes the Court's findings of fact and conclusions of law under Fed. R. Bankr. P. 7052. For the reasons stated herein, the plaintiff's motion for

summary judgment is granted and the defendant's motion for summary judgment is denied.

BACKGROUND

The following facts are not in dispute. At all times relevant to this proceeding, Richard VanDynHoven was the sole shareholder and the person primarily responsible for the day-to-day affairs of Action Electric, Electrical Contractors, Inc. Action Electric had a business checking account and loans at The Bank of Kaukauna, and Mr. VanDynHoven guaranteed payment of Action Electric's obligations to the bank, pursuant to written guaranty agreements. The bank regularly covered Action Electric's checks and ACH[1] drafts against its checking account, with Mr. VanDynHoven's knowledge and consent. By October 2008, Action Electric's checking account was overdrawn by approximately $254,000, and the overdrafts were rolled into one or more notes. Although Action Electric's checking account had a positive balance at the end of September 2009, the account showed a negative balance beginning in October 2009 and never regained a positive balance thereafter. Nevertheless, the bank resumed honoring some checks and ACH drafts (statements show many were dishonored) in the overdrawn account until the business closed in April 2010. Mr. VanDynHoven again was aware of the status of the account and did not object to the bank covering the checks.

Between October 7, 2009, and April 30, 2010, the bank honored the following 45 ACH drafts by the IRS and the Wisconsin Department of Revenue:

---

[1]Automated Clearing House (also referred to as ACH) is the network that processes electronic financial transactions in the United States. ACH credit transactions include payments to vendors or merchants made electronically or electronic check conversions where the merchant scans a check and converts it to an ACH item.

| Internal Revenue Service | | Wisconsin Department of Revenue | |
|---|---|---|---|
| 10/07/09 | $3121.98 | 10/15/09 | $1266.27 |
| 10/14/09 | $3123.86 | 10/30/09 | $2097.29 |
| 10/21/09 | $3591.38 | 11/13/09 | $1333.29 |
| 10/28/09 | $3385.84 | 11/30/09 | $1240.16 |
| 11/04/09 | $2910.86 | 12/15/09 | $1216.63 |
| 11/12/09 | $2849.94 | 12/30/09 | $1265.81 |
| 11/18/09 | $2904.86 | 01/15/10 | $1847.59 |
| 11/25/09 | $2977.28 | 02/01/10 | $1277.55 |
| 12/02/09 | $2662.34 | 02/02/10 | $ 160.37 |
| 12/09/09 | $2723.58 | 02/17/10 | $1243.88 |
| 12/16/09 | $3183.30 | 03/03/10 | $1110.19 |
| 12/23/09 | $2728.80 | 03/11/10 | $ 150.00 |
| 12/30/09 | $3062.58 | 03/16/10 | $1180.64 |
| 01/06/10 | $2785.10 | 04/01/10 | $1239.43 |
| 01/13/10 | $2805.04 | 04/16/10 | $1029.08 |
| 01/20/10 | $3185.34 | | |
| 01/27/10 | $2782.94 | | |
| 02/03/10 | $3045.86 | | |
| 02/11/10 | $2692.80 | | |
| 02/17/10 | $2474.76 | | |
| 02/24/10 | $2711.92 | | |
| 03/03/10 | $2792.78 | | |
| 03/10/10 | $2838.18 | | |
| 03/17/10 | $3011.34 | | |
| 03/24/10 | $2719.62 | | |
| 03/31/10 | $2110.18 | | |
| 04/08/10 | $2060.44 | | |
| 04/14/10 | $2235.40 | | |
| 04/21/10 | $2224.02 | | |
| 04/28/10 | $2072.48 | | |

(Stipulated Facts filed with Plaintiff's Motion for Summary Judgment, June 10, 2011). These tax payments total $101,432.98.

During the relevant period, Action Electric continued to operate and generate revenues and accounts receivable. When Mr. VanDynHoven filed a chapter 7 petition on May 19, 2010, the bank held a claim against Action Electric of approximately $885,000, $121,239.50 of which

3

was comprised of the checking account overdraft. Of the total overdraft, $101,432.98 was paid directly to either the United States or the State of Wisconsin to pay a tax liability of Action Electric. These taxes are of a kind described in 11 U.S.C. § 507(a)(8)(C) and are not subject to discharge by a liable individual.

ARGUMENTS

The bank argues its claim of $101,432.98, arising from the IRS and Department of Revenue overdrafts, is nondischargeable because the overdrafts are debts incurred to satisfy tax obligations that would be nondichargeable. If the bank had not honored the IRS's and the State of Wisconsin's ACH drafts for Action Electric's payroll taxes, the debtor would have been personally liable for those taxes. 26 U.S.C. § 6672; Wis. Stats. § 71.83(1)(b)2. His taxes would not have been dischargeable because the taxes were of a kind described in 11 U.S.C. § 507(a)(8)(C). The obligations incurred to pay such tax liabilities are also nondischargeable pursuant to 11 U.S.C. §§ 523(a)(14) and (a)(14A). *See In re Gavin*, 248 B.R. 464 (Bankr. M.D. Fla. 2000); *In re Chrusz*, 196 B.R. 221 (Bankr. D. N.H. 1996).

The bank notes that the debtor's obligations under his personal guaranty are a "debt" and give rise to a "claim" under the Bankruptcy Code. 11 U.S.C. §§ 101(12), (5)(A). The Code provides that "[a] discharge under section 727 . . . does not discharge an individual debtor from any debt . . . incurred to pay a tax to the United States [or other governmental unit] that would be nondischargeable pursuant to paragraph (1)." 11 U.S.C. § 523(a)(14), (a)(14A). Section 507(a)(8) defines the types of tax obligations to which the exceptions pertain, and include taxes "required to be collected or withheld and for which the debtor is liable in whatever capacity." 11 U.S.C. § 507(a)(8)(C). The debtor is liable for Action Electric's payroll taxes pursuant to 26

4

U.S.C. § 6672 and Wis. Stats. § 71.83(1)(b)2. While Action Electric continued to fund the checking account during the period of overdrafts, the bank argues the debtor is not entitled to a dollar-for-dollar credit of the deposits against the tax overdrafts.

The debtor argues[2] he, as guarantor of Action Electric's obligations, is not liable until the principal defaults. *See Glaubitz v. Grossman*, 10-C-927, 2011 WL 147931 (E.D. Wis. Jan. 18, 2011), *rev'g In re Glaubitz*, 436 B.R. 99 (Bankr. E.D. Wis. 2010). There is no evidence that any demand was made of the debtor prior to the petition date; in fact, the bank tolerated the overdraft situation until the end of April 2010. The debt of Action Electric was not that of the debtor until demand was made after default by Action Electric and was only contingent as to the debtor until that time.

Additionally, the debtor points out that taxes were paid as they were incurred in the ordinary course of business, on the proper due dates, and were paid through electronic transfers directly out of Action Electric's account. Action Electric also generated income and continued to make deposits totaling $899,717.59 into the account during the same time period, between August 2009 and the end of April 2010.[3] Deposits exceeded the amount of payroll taxes in each month of the relevant period. The debtor, as guarantor of the corporate debt, should not be held liable for the open-ended extensions of revolving credit that were used to pay ordinary business

---

[2]The debtor also noted that the guaranty agreements attached to the bank's brief were signed by the debtor as President of Action Electric, but not individually. The bank subsequently submitted copies of the debtor's guarantees of the corporation's obligations to the bank.

[3]Actually, the debtor added up credits to arrive at this amount, but the credits shown on the bank statements include deposits, plus checks drawn by Action Electric and returned for insufficient funds. The bank calculated deposits only and arrived at a total of $460,858.91. The Court accepts the bank's calculation.

5

expenses, including payroll taxes.

## DISCUSSION

Summary judgment is required "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties agreed this is the appropriate method of resolving this proceeding and submitted agreed facts outlined above.

Section 523(a)(14) excepts from discharge any debt incurred to pay a tax to the United States if that tax would be nondischargeable under section 523(a)(1).[4] Taxes nondischargeable under section 523(a)(1) include employer payroll taxes. *See* 11 U.S.C. § 507(a)(8)(C). Section 523(a)(14) was added to the Bankruptcy Code in part to limit prebankruptcy substitution of a dischargeable obligation for one that is nondischargeable. *In re Francis*, 226 B.R. 385, 396 (B.A.P. 6th Cir. 1998); *In re Cook*, 416 B.R. 284, 289 (Bankr. W.D. Va. 2009); *In re Gavin*, 248 B.R. 464, 465 (Bankr. M.D. Fla. 2000). It also allows taxpayers to pay tax obligations with credit cards or access checks by making funds borrowed to pay taxes nondischargeable as the taxes would have been. *In re White*, 455 B.R. 141, 145 (Bankr. N.D. Ind. 2011).

To prevail on a claim under section 523(a)(14), the creditor must show that: (1) the debt was incurred to pay a tax to the United States and (2) the tax owed to the United States would

---

[4] Section 523(a)(1) provides in relevant part:

A discharge under section 727 ... does not discharge an individual debtor from any debt—
    (1) for a tax or a customs duty –
   (A) of the kind and for the periods specified in section 507(a)(3) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed[.]

11 U.S.C. § 523(a)(1).

6

have been nondischargeable under section 523(a)(1) if it had not been paid prepetition. *In re Dinan*, 425 B.R. 583, 586 (Bankr. D. Nev. 2010); *In re Barton*, 321 B.R. 877, 879 (Bankr. N.D. Ohio 2005). Some bankruptcy courts further require the creditor to trace the portion of the debt attributable to paying the tax. *In re Chrusz*, 196 B.R. 221, 224 (Bankr. D.N.H. 1996) (debt arising from access check written by debtor on credit card account and deposited into checking account on which debtor then wrote check to IRS nondischargeable to extent used to pay taxes). Section 523(a)(14A) provides similar relief with respect to debts "incurred to pay a tax to a governmental unit, other than the United States, that would be nondischargeable under paragraph (1)." 11 U.S.C. § 523(a)(14A).

One relevant category of nondischargeable taxes under section 523(a)(1) is specified in section 507(a)(8), which includes those taxes "required to be collected or withheld and for which the debtor is liable in whatever capacity." 11 U.S.C. § 507(a)(8)(C). Therefore, if a debt was incurred to pay a tax that was required to be collected or withheld and the debtor is liable for that tax in some capacity, that debt is nondischargeable. *In re Cook*, 416 B.R. 284, 288 (Bankr. W.D. Va. 2009). Action Electric was liable for the taxes at issue here.

An employer is required to withhold federal income taxes from wages it pays to its employees. Thus, each time the business meets its net payroll, it is presumed that the business withheld these taxes. Employers must then periodically account for these withholdings and pay them to the Government. *Id*. (citations omitted). To insure payment, Congress specifically mandated that if the business does not pay, then any person who was under a duty to withhold and pay and wilfully failed to do so is personally liable for the non-payment. *Id*. (citing 26 U.S.C. §§ 6671 & 6672). Mr. VanDynHoven's responsibility for withholding any payment of taxes has

7

already been acknowledged. However, the debtor insists that a taxing authority assessment against him, individually, is required before the exceptions to discharge provided by section 523(a)(14) and (a)(14A) are applicable.

As noted in *Cook*, there is nothing in the Code which requires that the taxing authority must have made an assessment against the responsible officer before the exception to dischargeability is triggered. *Id*. at 289. On the other hand, any person required to collect, or pay over any tax imposed by the IRS, who willfully fails to collect, or pay such a tax, is liable to the IRS for a penalty equal to the amount of the tax owed. 26 U.S.C. § 6672. As the Fourth Circuit has explained,

> 26 U.S.C. § 6672 is intended as a device to recover withholding taxes an employer fails to pay to the government. In order for a person to be held liable under § 6672, two requirements must be satisfied: (1) the party assessed must be a person required to collect, truthfully account for, and pay over the tax, referred to as a "responsible person"; and (2) the responsible person must have willfully failed to insure that the withholding taxes were paid. The term "responsible person" is broad and may include many individuals connected with a corporation, and more than one individual may be the responsible person for an employer.

*O'Connor v. United States*, 956 F.2d 48, 50 (4th Cir.1982) (citations omitted). The amounts payable by a responsible person, although denoted a "penalty," are treated in bankruptcy as a nondischargeable tax. *See In re Paris*, 355 B.R. 860, 864 (Bankr. M.D. Fla. 2006) (chapter 7 debtor qualified as "responsible person" and willfully failed to see that trust fund taxes were paid; resulting obligation of debtor was nondischargeable); *cf. Noronha v. Internal Revenue Service*, 352 Fed. Appx. 18 (6th Cir. 2009) (chapter 13 debtor's objection to IRS claim for unpaid trust fund taxes overruled; debtor had sufficient control over corporation's financial affairs and willfully failed to pay withholding taxes). Had the taxes not been paid by the bank, the debtor's

8

already been acknowledged. However, the debtor insists that a taxing authority assessment against him, individually, is required before the exceptions to discharge provided by section 523(a)(14) and (a)(14A) are applicable.

As noted in *Cook*, there is nothing in the Code which requires that the taxing authority must have made an assessment against the responsible officer before the exception to dischargeability is triggered. *Id*. at 289. On the other hand, any person required to collect, or pay over any tax imposed by the IRS, who willfully fails to collect, or pay such a tax, is liable to the IRS for a penalty equal to the amount of the tax owed. 26 U.S.C. § 6672. As the Fourth Circuit has explained,

> 26 U.S.C. § 6672 is intended as a device to recover withholding taxes an employer fails to pay to the government. In order for a person to be held liable under § 6672, two requirements must be satisfied: (1) the party assessed must be a person required to collect, truthfully account for, and pay over the tax, referred to as a "responsible person"; and (2) the responsible person must have willfully failed to insure that the withholding taxes were paid. The term "responsible person" is broad and may include many individuals connected with a corporation, and more than one individual may be the responsible person for an employer.

*O'Connor v. United States*, 956 F.2d 48, 50 (4th Cir.1982) (citations omitted). The amounts payable by a responsible person, although denoted a "penalty," are treated in bankruptcy as a nondischargeable tax. *See In re Paris*, 355 B.R. 860, 864 (Bankr. M.D. Fla. 2006) (chapter 7 debtor qualified as "responsible person" and willfully failed to see that trust fund taxes were paid; resulting obligation of debtor was nondischargeable); *cf. Noronha v. Internal Revenue Service*, 352 Fed. Appx. 18 (6th Cir. 2009) (chapter 13 debtor's objection to IRS claim for unpaid trust fund taxes overruled; debtor had sufficient control over corporation's financial affairs and willfully failed to pay withholding taxes). Had the taxes not been paid by the bank, the debtor's

8

position in control of Action Electric would have made him liable as a responsible person.

Nevertheless, even a responsible person is not liable for a penalty under section 6672(a) unless his or her failure to collect, account for, or remit withholding taxes was willful. *Conway v. United States*, 647 F.3d 228, 232 (5th Cir. 2011). "Whether 'the failure to pay the overdue taxes [is] willful has been seen ... as calling for proof of a voluntary, intentional, and conscious decision not to collect and remit taxes thought to be owing.'" *Godfrey v. United States*, 748 F.2d 1568, 1576-77 (Fed. Cir. 1984) (quoting *Scott v. United States*, 354 F .2d 292, 295 (Ct. Cl. 1965)). The debtor caused the continuing operation of Action Electric when it could not sustain its operations and tax obligations, and he allowed the continuing payment of taxes by the bank. If the taxes had not been paid by the bank, his actions would have made him liable as a responsible person.

The case law analyzing sections 523(a)(14) and (a)(14A) primarily involves debtors who used their credit cards to pay otherwise nondischargeable tax debt, *see In re Cook*, 416 B.R. 284 (Bankr. W.D. Va. 2009) (credit card used to pay amounts demanded by IRS in tax statements of debtor's business); *In re Gavin*, 248 B.R. 464 (Bankr. M.D. Fla. 2000) (check drawn on credit card account and used to pay federal income tax debt nondischargeable), or debtors who used borrowed sums to pay *outstanding* payroll tax debt, *see In re Dinan*, 425 B.R. 583 (Bankr. D. Nev. 2010), *aff'd in part, rev'd on other grounds*, 448 B.R. 775 (B.A.P. 9th Cir. 2011) (loan proceeds use to pay IRS back-taxes).

This Court's colleague in the Western District of Wisconsin recently decided a section 523(a)(14) nondischargeability action in *In re Mueller*, 455 B.R. 151 (Bankr. W.D. Wis. 2011). On April 15, 2010, the debtor incurred a $2,000 charge on his Chase Bank credit card to the U.S.

9

Treasury for a deposit to be applied towards any income taxes later determined to be owed. On Oct. 15, 2010, it was determined that the debtor did not owe any taxes in excess of his earlier deposits and earned credits. Accordingly, the IRS refunded $2,327 to the debtor. The debtor did not use the refund to pay his credit card debt, and filed for chapter 7 relief a month later. Chase filed an adversary proceeding claiming that the $2,000 charge was excepted from discharge under section 523(a)(14). Judge Martin ruled that the claim was not excepted from discharge because Chase failed to prove that the $2,000 charge was incurred to pay a "tax owed" by the debtor. *Id*. at 153. A necessary prerequisite to application of section 523(a)(14) was that the debtor actually owed some federal tax liability, which the debt in question was incurred to satisfy.[5]

In this case the debtor actually owed the taxes as a responsible person – even though they were not assessed because Action Electric borrowed the funds to pay them – and the debtor is liable under his guarantee for funds borrowed by Action Electric. The debtor argues, in part, that the tax obligations never became nondischargeable obligations *as to him, individually* because the IRS has never assessed any tax penalty under 26 U.S.C. § 6672. In a decision analogous to the proceeding at hand, a bankruptcy court recently refused to extend sections 523(a)(14) and 523(a)(14A) to payments that did not actually satisfy any nondischargeable tax obligation of the debtor, but instead prevented such an obligation from arising in the first place. *In re White*, 455 B.R. 141 (Bankr. N.D. Ind. 2011). The issue arose in an adversary proceeding brought by an individual and a firm that, pursuant to an account services agreement with a corporation of which

---

[5] This ruling is, of course, distinguishable from the argument that just because the debt is no longer owed to the Internal Revenue Service, and is now an unsecured debt owed to a credit card company, it is dischargeable. *See Gavin*, 248 B.R. at 465 (rejecting such argument). Funds traceable to a payment of a nondischargeable section 523(a)(1) debt are nondischargeable under section 523(a)(14). *Id*.

10

the chapter 7 debtor was an officer, had advanced funds for the payment of employment tax obligations owed by the corporation to the Internal Revenue Service and the State of Illinois. Although these payroll taxes were the obligation of the corporation and not of the debtor personally, due to her status as an alleged "responsible person" pursuant to 26 U.S.C. § 6672, the plaintiffs asserted that the debt fell within section 523(a)(14) and/or section 523(a)(14A).

The bankruptcy court observed: "[t]he plaintiffs' contention is essentially that by payment of corporate employment tax liabilities, [the debtor's] potential personal liability under [the Internal Revenue Code] with respect to those tax liabilities was also satisfied." *Id*. at 145. The court further noted that sections 523(a)(14) and (14A) were enacted in response to taxpayers' increasing use of credit cards to pay tax liabilities: "Credit card issuers, being the ever-vigilant creditors that they are, essentially managed to righteously convince Congress that if their credit paid tax excepted from discharge, they should essentially be subrogated to the taxing authority's exception from discharge provided for if the tax had not been paid. There is actually a great deal of logic to this assertion, and even if there weren't, it's the law." *Id*.

In court pointed out if the debtor had been the corporation, as opposed to its officer, and if the corporation had been eligible for chapter 7 relief, the plaintiffs would have had a "smooth skate to the finish line of their requested relief." *Id*. But the debtor in *White* was the officer, not the corporation, and, the court determined, the plaintiffs failed to establish that they paid a "tax" of the debtor which would have been excepted from discharge. After examining the interplay between corporate employment tax liability and "responsible person" liability under 26 U.S.C. § 6672, the bankruptcy court found that the two liabilities are entirely separate and distinct. "Even though a corporate employment tax liability has not been paid, there is 'many a drip between the

11

cup and the lip' before liability can be asserted against an individual" under section 6672. *Id*. at 147. Specifically, the individual must be a "responsible person," and his or her failure to pay the tax must have been "willful."

As in this case, no independent individual tax liability had been asserted by either the IRS or the Illinois Department of Revenue against the debtor in *White* with respect to the corporate employment taxes at issue, nor, the court noted, was such individual liability possible, because the corporate employment taxes had been paid in full:

> The fact that [the debtor's] 'immunity' from fiduciary tax liability as an individual was precluded by payment of corporate employment tax liabilities to the Internal Revenue Service and the Illinois Department of Revenue does not establish an exception to discharge, but rather establishes that [the debtor] was not subject to a tax liability 'that would be nondischargeable under paragraph (1) [of 11 U.S.C. § 523(a)]', and in and of itself precludes the plaintiffs' entitlement to the relief which they request.

*Id*. at 148. At most, the *White* court noted the debtor may have been contingently liable for the corporation's employment taxes had those taxes not been paid. The employment taxes were paid, however, so personal liability for the taxes neither was, nor could have been, asserted against her. Consequently, the court found sums paid by the plaintiffs did not constitute a debt incurred to pay a tax to the United States or to any other governmental unit that would have been nondischargeable pursuant to 11 U.S.C. § 523(a)(1), with respect to the debtor, and the debt in question did not fall within sections 523(a)(14) or (14A).

This Court finds such reasoning unpersuasive and contrary to the purpose of the exceptions to discharge under 11 U.S.C. § 523(a)(14) and (14A). By having the business entity under the debtor's control borrow money to pay taxes timely, the debtor avoids *ever* being assessed a penalty as a responsible person, but the *White* court found this tactic successfully

12

avoided the exception to discharge of funds borrowed to pay the taxes at issue. Mr. VanDynHoven was at all times contingently liable for taxes owed by Action Electric as a responsible person, so the liability for those taxes constituted a claim against him. The definition of "claim" – synonymous with "debt," the term used in section 523(a) – includes contingent liabilities, and the lack of an impossible assessment will not avoid the reality of the debtor's liability. *See* 11 U.S.C. §§ 101(5), (12). Similarly, the "contingent" guarantee of the Action Electric debt to the bank by the debtor, makes him liable to the bank for a nondischargeable debt to the extent of taxes paid on his behalf. *Glaubitz v. Grossman,* 10-C-927, 2011 WL 147931 (E.D. Wis. Jan. 18, 2011), *rev'g In re Glaubitz*, 436 B.R. 99 (Bankr. E.D. Wis. 2010), is inapplicable as that case involved qualifying for a chapter 13 case, which does not include contingent obligations, whereas the debts under sections 523(a)(14) and (14A) do include such obligations.

This is not the clear cut case where a debtor pays his or her taxes with a credit card or a credit card access check for the exact amount of the taxes due. The account was also used for deposits from operations and other expenses. The court in *Chrusz*, 196 B.R. 221, solved the inability to trace each dollar by calculating a percentage of the borrowed funds to the total funds in the debtor's account when the tax debt was paid. The percentage was then applied to the borrowed funds to determine the nondischargeable amount. This approach will not work in this case because there was never a positive balance in the Action Electric account in any month during which the tax debts were being paid, and the total overdraft exceeds the total tax debt. Therefore, the entire $101,432.98 is excepted from the debtor's discharge.

Based on the foregoing analysis, the plaintiff's motion for summary judgment is granted

13

Case 10-02474-mdm    Doc 22    Filed 11/03/11    Page 13 of 14

and judgment will be entered accordingly.

November 3, 2011

Margaret Dee McGarity
United States Bankruptcy Judge